IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| JEROME THOMAS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CASE NO. 4:07-CV-154 (CDL) |
| | * | 42 U.S.C. § 1983 |
| CECIL THOMAS, DOROTHY SMITH, | * | |
| ANDREW KOTH, MELVIN COOPER, | * | |
| SLADE JOHNSON, and BILL | * | |
| JOHNSON, | * | |
| | * | |
| Defendants. | * | |

## **REPORT AND RECOMMENDATION**

Plaintiff Thomas has filed a pro se civil rights complaint under 42 U.S.C. § 1983. Plaintiff has also filed a motion to proceed *In Forma Pauperis*, seeking leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). As it appears that Plaintiff is unable to pay the cost of commencing this action, Plaintiff's application to proceed *in forma pauperis* is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

The Warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause

to be remitted to the Clerk of this court twenty percent (20%) per month of his prison account until the $350.00 filing fee is paid in full. In accordance with provisions of the ***Prison Litigation Reform Act***, Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

Notwithstanding any filing fee or any portion thereof that may have been paid, or the finding that a plaintiff is unable to pay the filing fee, however, the court is required to dismiss a prisoner complaint if it determines that the action: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C.A. § 1915(e)(2). An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989).

## DISCUSSION

Plaintiff's complaint contends that he was wrongfully accused and convicted of Aggravated Assault on April 3, 2006. (R-1, Plaintiff's Complaint). After a summary of the events, which does not state a specific claim against any of the Defendants but rather asserts a conspiracy, Plaintiff states in his Complaint that he was falsely accused and convicted of committing the aforementioned offense. Plaintiff's complaint does not state a specific dollar amount for actual damages, but simply states, "I want all I can get because I was set up 3 or 4 times in this case by lawyer[,] police[,] everybody." (R-1, Plaintiff's Complaint, p. 5).

2

Preliminary Review of Complaint

Pursuant to 28 U.S.C. § 1915A (1996):

> (a) The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of a complaint, if the complaint —
>
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

## CONCLUSION

A review of Plaintiff's complaint reveals that he does not seek damages for injury done by any state actors, he rather attacks the validity of his confinement. Plaintiff's § 1983 action is barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364 (1994). In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 Plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Id.* at 487. When a § 1983 prisoner seeks damages, the district court must determine whether a judgment in favor of the plaintiff would necessarily render the conviction or sentence invalid.

Although Plaintiff makes a bare assertion that he was denied his constitutional rights and due process, he fails to allege any actions that indicate that any constitutional rights have been violated. Rather, Plaintiff merely makes statements that, if proved, would invalidate the state criminal proceeding. As Plaintiff has not demonstrated that his sentence has been reversed, expunged, invalidated, or called into question by a writ of habeas corpus pursuant to a State habeas corpus action, he fails to state a cause of action upon which this court may grant relief.

In light of the above, it is **RECOMMENDED** that the instant action be **DISMISSED** as frivolous under 28 U.S.C. § 1915(e)(2) and for failure to state a claim upon which relief may be granted. In the alternative, **IT IS RECOMMENDED** that Plaintiff's claim for damages be **DISMISSED** under *Heck* without prejudice to allow Plaintiff to re-file if and when a final disposition of his criminal proceedings should be resolved in his favor. Under 28 U.S.C. § 636(b)(1), Plaintiff may file written objections to this recommendation with the United States District Judge, WITHIN TEN (10) DAYS after being served with a copy thereof.

**SO RECOMMENDED**, this 16th day of October, 2007.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

mZc